UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:11-cv-01971-AWI-SMS |
| Plaintiffs, | **MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS RE: I.R.S. SUMMONS ENFORCEMENT** |
| vs. | |
| KEITH J. WILDES | |
| Defendants. | **TAXPAYER: KEITH J. WILDES** |

This matter came on regularly for hearing on March 7, 2012, for an Order to Show Cause ("OSC"), filed December 6, 2011, and petitioner's motion to permit alternate process service, filed February 8, 2012. Respondent, Keith J. Wildes, did not appear or otherwise contact the court or counsel for the government, and did not file written opposition to the verified petition, filed November 29, 2011, or the service motion. Assistant United States Attorney Yoshinori Himel appeared on behalf of petitioner, together with Investigating Revenue Officer ("IRO") David M. Lopez.

The Verified Petition to Enforce I.R.S. Summons initiating this proceeding seeks to enforce an administrative summons (Exhibit A to the petition), issued July 12, 2011, to aid IRO Lopez' investigation of Keith J. Wildes to determine financial information relevant to the IRS' efforts to collect Personal Income Tax (Form 1040) for the taxable years ending December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007, December 31, 2008, and December 31, 2009.

Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1340 and 1345, and is found to be proper. I.R.C. §§ 7402(b) and 7604(a) (26 U.S.C.) authorize the government to bring the action. The OSC shifted to respondent the burden of rebutting any of the four requirements of <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964).

Petitioner first moves for an order permitting alternate process service. The motion itself was served properly and timely under Local Rule 230(b).

As the declaration of Revenue Officer ("RO") John Costa reflects, an older man who answered the door at 2161 Hampden Court, Merced, California, in December 2011 and January 2012, admitted that respondent resides at that address. In January 2012, the occupants present at the residence would not answer the door for RO Costa. On February 2, 2012, respondent was at work, according to a young adult female who told RO Costa that she is his "soon-to-be daughter-in-law." RO Costa handed the young woman the papers, but she refused to accept them, so he dropped the papers in the doorway. She demonstrated her dominion and control of the papers, and her intention to resist their service, by kicking them from the doorway. On the next day, February 3, 2012, investigating IRO Lopez sent a copy of the process by ordinary mail and another copy by certified mail to respondent's residence address. On February 7, 2012, Revenue Officer ("RO") Tony Garza delivered another set of process at respondent's residence to a young man who answered the door but refused to identify himself; however, RO Garza took his picture and showed it to IRO Lopez, who recognized the young man in the photo as a young man who had previously admitted to IRO Lopez that he is respondent's son.

On the issue of process service, the Court finds as follows:

(1)  The occupants at respondent's residence resisted process service, and it was therefore reasonable for petitioner to try alternative methods of process service.

(2)  The method of service used by petitioner, that is, personal delivery at respondent's residence, to a young woman who identified herself as respondent's "soon to be daughter-in-law," and again to respondent's son, was reasonably calculated to give respondent timely actual notice of these proceedings.

//

1       (3)    The method of process service adopted by petitioner comports with the Due

2  Process Clause in U.S. Const. Amend. V and the purposes of Fed. R. Civ. P. 4(e).

3       Accordingly, under Fed. R. Civ. P. 81(a)(5) and the OSC, the Court HEREBY

4  RECOMMENDS that the motion for order permitting alternate process service be GRANTED.

5       Having reviewed the verified petition and the documents in support thereof, on the

6  summons enforcement merits, based on the uncontroverted verification of the petition by IRO

7  Lopez and the entire record, the Court finds as follows:

8       (1)    The summons issued by IRO Lopez to respondent, Keith J. Wildes, on July 12,

9  2011, seeking testimony and production of documents and records in respondent's possession,

10 was issued in good faith and for a legitimate purpose under I.R.C. § 7602, that is, to determine

11 financial information relevant to the IRS' efforts to collect Personal Income Tax (Form 1040) for

12 the tax years ending December 31, 2004, December 31, 2005, December 31, 2006, December 31,

13 2007, December 31, 2008, and December 31, 2009.

14      (2)    The information sought is relevant for that purpose.

15      (3)    The information sought is not already in the possession of the Internal Revenue

16 Service.

17      (4)    The administrative steps required by the Internal Revenue Code have been

18 followed.

19      (5)    There is no evidence of referral of this case by the Internal Revenue Service to the

20 Department of Justice for criminal prosecution.

21      (6)    The verified petition and its exhibits made a prima facie showing of satisfaction of

22 the requirements of <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964).

23      (7)    The burden shifted to respondent, Keith J. Wildes, to rebut that prima facie

24 showing.

25      (8)    Respondent presented no argument or evidence to rebut the prima facie showing.

26 ///

27 //

28 /

Accordingly, the Court HEREBY RECOMMENDS that:

    (1)    The IRS summons issued to respondent, Keith J. Wildes, be enforced;

    (2)    Respondent, Keith J. Wildes, be ordered to appear at the I.R.S. offices, 2525 Capitol Street, Suite 206, Fresno, California, 93721-2227, before Investigating Revenue Officer David M. Lopez, or his designated representative, on or before the twenty-first (21st) day after the filing date of the District Judge's summons enforcement order, or at a later date to be set, in writing, by IRO Lopez, then and there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers, and other data demanded by the summons, the examination to continue from day to day until completed.

    (3)    If it enforces the summons, the Court retain jurisdiction to enforce its order by its contempt power.

    (4)    The Clerk of the Court serve Keith J. Wildes, 2161 Hampden Court, Merced, California, 95340-3376.

These findings and recommendations are submitted to the District Judge assigned to this case, under 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 304 of the Local Rules of the United States District Court for the Eastern District of California. Within **ten (10) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections. The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 14, 2012**                    /s/ Sandra M. Snyder
                                                       UNITED STATES MAGISTRATE JUDGE